1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIGUEL RAMIREZ,<br><br>                              Plaintiff,<br><br>v.<br><br>COUNTY OF SAN DIEGO, MARIA LOPEZ,<br>AND DOES 1-15,<br><br>                              Defendants. | Case No.: 24CV366-MMA(BLM)<br><br>**ORDER GRANTING IN PART PLAINTIFF'S EX PARTE APPLICATION FOR LEAVE TO CONDUCT LIMITED DISCOVERY**<br><br>**[ECF NO. 17]** |

Currently before the Court is Plaintiff's April 19, 2024 *Ex Parte* Application for Leave to Conduct Limited Discovery [ECF No. 17 ("Mot.")] and Defendants' April 22, 2024 response to the motion [ECF No. 18 ("Oppo.").   For the reasons set forth below, Plaintiff's motion is **GRANTED IN PART**.

## BACKGROUND

The instant matter was initiated on February 23, 2024 when Plaintiff filed a complaint alleging (1) 42 U.S.C. § 1983: Unreasonable Search, Excessive Force (4th and 8th Amendment), Sexual Assault, Failure to Protect (8th Amendment), Monell Liability, Unreasonable Search (4th Amendment), (2) Battery, (3) Medical Battery, (4) Assault, (5) Sexual Battery (Cal. Civ. Code § 1708.5), (6) Bane Act (Cal. Civil Code § 52.1), (7) Negligence, (8) Sexual Harassment (Cal. Civ. Code § 51.9), and (9) Intentional Infliction of Emotional Distress - Negligent.  ECF No. 1.  Plaintiff brings these allegations against Defendants County of San Diego, Maria Lopez, and Does 1-15.

Id.

Plaintiff alleges that between January 3rd and 5th, 2023, he was subjected to multiple unnecessary strip searches by Sheriff's Deputies who verbally demeaned and harassed him.  Id. at ¶ 2.  Long after the deputies had any reason to believe Plaintiff was carrying contraband, specifically after repeated strip searches and four x-rays, the deputies ordered Plaintiff to submit to a physical search of his rectum.  Id. at ¶¶ 2-3.  The physical search revealed that nothing was concealed in Plaintiff's rectum and a later CT scan confirmed that finding.  Id. at ¶¶ 4-5.  Deputies then took Plaintiff to a second jail where he was subjected to another strip search in front of a group of almost a dozen deputies who looked on and mocked him.  Id. at ¶ 6.   The searches and harassment resulted in Plaintiff suffering "anal bleeding, disorienting pain, embarrassment, stress, and other physical and mental injuries that are the subject of this lawsuit."  Id. at ¶ 7.

## PLAINTIFF'S POSITION

Plaintiff seeks an order from the Court permitting him "to propound limited, targeted discovery requests to Defendant County to ascertain the identities of th[e] "Doe" defendants" named in his complaint.  Mot. at 1.  Plaintiff notes that the Doe Defendants were all employees of Defendant County of San Diego and that Does 1-6 were involved in the allegedly unlawful cavity search, Does 7-9 were involved with the second cavity search, and Does 10-15 were involved in the third cavity search at George F. Baily Detention Center.  Id. at 2-3.  Plaintiff argues that early discovery is appropriate here, where Plaintiff has sufficiently identified the Doe Defendants by providing their employer, the facilities where they were working, and the identity of Plaintiff along with the dates and times that he was moved to various facilities.  Id. at 5-6.  Plaintiff notes that he has no means of identifying the Doe Defendants outside of the discovery process and that while there are pending motions to dismiss, they have all been opposed and should be denied.  Id. at 6-7.  Plaintiff argues that the requested discovery will help avoid irreparable harm to both himself and the Doe Defendants and that there is no prejudice to Defendant County of San Diego as the County has been aware of Plaintiff's claims for at least a year and the matter has already been investigated by the County's Citizen Law Enforcement

24CV366-MMA(BLM)

oversight board.  Id. at 8.  Plaintiff further argues that if this motion is denied, at a minimum, the Court "should order the County to provide any Doe Defendants it still employs with notice of this action."  Id. at 9 fn 3.  Finally, Plaintiff argues the motion should be granted because the proposed discovery requests are narrowly tailored and drafted to lead to the identification of the Doe Defendants.  Specifically, the proposed Special Interrogatories ask Defendant County of San Diego to:

> 1. Identify the County employee or deputy who spoke with Mr. Ramirez at Men's Central Jail about his being sent for the prospective rectal examination before Mr. Ramirez was referred for transport to the hospital.
>
> 2. Identify the County employees or deputies who accompanied Mr. Ramirez to the hospital for the rectal examination and those who, if different, communicated with hospital staff about the prospective examination before it occurred.
>
> 3. Identify the County employees or deputies who, between January 3rd and 5th of 2023, made the decision to send Mr. Ramirez for a rectal cavity examination and those who, before the examination occurred, knew of and approved of the decision.
>
> 4. Identify the County employee or deputy who spoke to Mr. Ramirez during the second strip search of Mr. Ramirez that occurred at Men's Central Jail on or about January 4, 2023.
>
> 5. Identify the County employees or deputies who were present and exercised any control over the circumstances of the second strip search of Mr. Ramirez that occurred at Men's Central Jail on January 4, 2023.
>
> 6. Identify the County employees or deputies who were physically present within view of Mr. Ramirez and viewing Mr. Ramirez during the strip search of Mr. Ramirez that occurred at George F. Bailey detention center after Mr. Ramirez was transported there from the hospital on or about January 5, 2023.

Id. at 7-8.

## DEFENDANTS' POSITION

Defendants contend that "[t]his Court should deny Plaintiff's request for limited early discovery because Plaintiff has failed to show good cause for his request and his requests are overbroad."  Oppo. at 1.  Specifically, Defendants contend that simply identifying the date, time,

and locations of the Does' activity is insufficient as it does not differentiate the Doe Defendants from "the hundreds of employees that staff the detention facilities where this occurred." Id. at 2. Defendants also contend that Plaintiff has failed to allege any facts establishing the involvement of Does 4-6, the allegations against Does 1-3 and 7-9 do not include any constitutional violations, and Plaintiff fails to allege any facts about specific conduct relating to Does 10-15. Id. at 3-4. Accordingly, Plaintiff's conclusory and unsubstantiated claims are not likely to survive a motion to dismiss and do not create good cause for early discovery. Id. at 4. Defendants further contend that Plaintiff's proposed discovery is overbroad, vague, and in some respects irrelevant, and note that if the Court is inclined to grant Plaintiff's request, it should limit the scope of any discovery. Id. Finally, Defendants contend that Plaintiff's improper Doe Defendants should be dismissed from the case. Id. at 5.

## **LEGAL STANDARD**

A party is generally not permitted to obtain discovery before the parties have conferred pursuant to Federal Rule of Civil Procedure 26(f). Fed. R. Civ. P. 26(d)(1) ("A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except [...] by stipulation, or by court order."). However, courts have made exceptions to allow limited early discovery when there is good cause. See Rovio Entm't Ltd. v. Royal Plush Toys, Inc., 907 F.Supp.2d 1086, 1099 (N.D. Cal. 2012) ("In the Ninth Circuit, courts use the good cause standard to determine whether discovery should be allowed to proceed prior to a Rule 26(f) conference."). Good cause exists "where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." Semitool, Inc. v. Tokyo Electron Am., Inc., 208 F.R.D. 273, 276 (N.D. Cal. 2002). In determining whether a party has shown good cause to grant expedited discovery, courts "commonly consider[ ]" the following non-exhaustive factors: "(1) whether a preliminary injunction is pending; (2) the breadth of the discovery requests; (3) the purpose for requesting the expedited discovery; (4) the burden on the defendants to comply with the requests; and (5) how far in advance of the typical discovery process the request was made." Am. LegalNet, Inc. v. Davis, 673 F.Supp.2d 1063, 1067 (C.D. Cal. 2009) (internal quotation omitted); see, e.g., Synopsys, Inc. v. AzurEngine Techs., Inc.,

24CV366-MMA(BLM)

401 F.Supp.3d 1068, 1076–77 (S.D. Cal. 2019) (applying the same factors); <u>Palermo v. Underground Solutions, Inc.</u>, 2012 WL 2106228, at *2 (S.D. Cal. June 11, 2012) (same).

Consistent with this generally recognized exception to Rule 26(f), the Ninth Circuit has held that " 'where the identity of the alleged defendant[ ] [is] not [ ] known prior to the filing of a complaint[,] the plaintiff should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds.'" <u>Wakefield v. Thompson</u>, 177 F.3d 1160, 1163 (9th Cir. 1999) (brackets in original) (quoting <u>Gillespie v. Civiletti</u>, 629 F.2d 637, 642 (9th Cir. 1980)).  Thus, in cases where plaintiffs are seeking to learn the identity of Doe defendants through early discovery, courts examine whether the plaintiff (1) identifies the Doe defendant with sufficient specificity so that the court can determine that the defendant is a real person or entity who can be sued in federal court; (2) describes all previous steps taken to identify and locate the defendant; (3) establishes that the suit could withstand a motion to dismiss; and (4) establishes that the discovery requested is likely to lead to identifying information about the defendant that will permit service of process.  <u>Columbia Ins. Co. v. Seescandy.com</u>, 185 F.R.D. 573, 578-580 (N.D. Cal. 1999).  These factors are considered to ensure the expedited discovery procedure "will only be employed in cases where the plaintiff has in good faith exhausted traditional avenues for identifying a civil defendant pre-service, and will prevent use of this method to harass or intimidate." <u>Id.</u> at 578.

## ANALYSIS

To determine whether good cause exists for early discovery, courts generally consider the following: "(1) whether a preliminary injunction is pending; (2) the breadth of the discovery requests; (3) the purpose for requesting the expedited discovery; (4) the burden on the defendants to comply with the requests; and (5) how far in advance of the typical discovery process the request was made." <u>Am. LegalNet</u>, 673 F.Supp.2d at 1067 (internal quotation omitted).  Here, the Court finds that three of the five factors clearly support early discovery.  First, there is no preliminary injunction pending in this case, so the first factor weighs against early discovery.  <u>See</u> Docket.  Second, as discussed in greater detail below, the Court finds that

some of Plaintiff's proposed discovery requests are narrowly tailored and will be served for the legitimate purpose of identifying unnamed Doe Defendants. Third, Plaintiff seeks the discovery to ascertain the identities of the Doe Defendants so that he may add them to the complaint and effect service in accordance with the ninety-day rule in Fed. R. Civ. P. 4(m) and avoid any potential issues with relating the Doe Defendants back to his complaint. Next, the Court is persuaded that County Defendant readily has the information sought in their possession as Plaintiff states that all of the Doe Defendants were County employees at the time of the incident, the County has been aware of the nature of Plaintiff's claims for more than a year, Plaintiff submitted complaints to the County for the injures he alleges, Plaintiff submitted a tort claim prior to the instant matter, and the matter was investigated by the County's Citizen Law Enforcement Oversight Board. The County does not identify or describe the burden that having to provide the requested information would create. Oppo. Finally, Plaintiff's requests are not made significantly in advance of the discovery process but do come before any Defendant has answered Plaintiff's complaint. However, County Defendant has already responded to Plaintiff's complaint by filing a motion to dismiss [ECF Nos. 5] and opposed this Motion [ECF No. 18]. Thus, the Court finds the final factor is neutral. Accordingly, the Court finds good cause exists for limited early discovery.

The second issue is whether there is good cause for expedited discovery for the specific purpose of ascertaining the identities of the Doe Defendants. In this analysis, the Court will consider whether Plaintiffs (1) identify the Doe Defendants with sufficient specificity so that the Court can determine that the defendant is a real person or entity who can be sued in federal court; (2) describe all previous steps taken to identify and locate the defendants; (3) establish that the suit could withstand a motion to dismiss; and (4) establish that the discovery requested is likely to lead to identifying information about the defendants that will permit service of process. See Columbia Ins. Co., 185 F.R.D. at 578–80.

A.      Identification of Doe Defendants with Sufficient Specificity

First, Plaintiff must identify the Doe defendants with sufficient specificity to enable the Court to determine that the Doe defendant is a real person subject to the Court's jurisdiction.

24CV366-MMA(BLM)

1    Columbia Ins. Co., 185 F.R.D. at 578.  District Courts have found that a plaintiff may satisfy the

2    first factor by demonstrating that the operative complaint details sufficient allegations of the

3    events and individuals whom a plaintiff seeks to identify.  See e.g., Coreno v. Hiles, 2010 WL

4    2404395, at *3 (S.D. Cal., June 14, 2010) (the plaintiff satisfied the first factor by including

5    detailed allegations against the Doe Defendants in the operative complaint); see also Raiser v.

6    San Diego County, 2019 WL 4675773, at *2 (S.D. Cal., Sep. 25, 2019) (finding that the plaintiff

7    satisfied the first factor by sufficiently identifying the times, dates, and locations of the unlawful

8    actions in the operative complaint).

9        Plaintiff argues that he has provided a description of the Doe Defendants' employer and

10   the facilities where they were employed at the time of the incident along with additional details

11   such as Plaintiff's "identity, the jails and days he was searched and where he was moved, when."

12   Mot. at 5.  Defendant contends that "[s]imply stating that [the Doe Defendants] were present

13   does not help differentiate the hundreds of employees that staff the detention facilities where

14   this occurred."  Oppo. at 2.

15       Here, Plaintiff's complaint described the unidentified Doe Defendants and their various

16   positions with the County and, in one case, provided a partial name for the Doe Defendants.

17   ECF No. 1 at ¶ 25 ("Doe 1 is a detective whose last name is Kearney. Does 2 and 3 transported

18   Mr. Ramirez to Alvarado Hospital and were with him throughout the relevant events at the

19   hospital."), ¶ 42 (Doe 7 was a Sheriff Deputy who was present during the second strip search

20   on January 3, 2023 at the Men's Central Jail in downtown San Diego), ¶ ¶ 62-63, 65 ("Doe 2

21   and Doe 3, and perhaps others, took Mr. Ramirez to Alvarado Hospital [at approximately 2:15

22   a.m. on January 5, 2023]" and "were present with him throughout his time at the hospital."), ¶

23   ¶ 64, 65 and 82 ("Does 1 through 6 were responsible for ensuring Mr. Ramirez's safety while in

24   the care and custody at Alvarado Hospital" on January 5, 2023 and "were involved in the decision

25   to order an anal cavity search of Mr. Ramirez"), ¶ 44 (Does 7-9 compelled Plaintiff to remain

26   naked during the second strip search on January 3, 2023 at the Men's Central Jail in downtown

27   San Diego), ¶ 106 ("Doe 2 and 3 delivered Mr. Ramirez to a room in Alvarado Hospital"), and ¶

28   134 (Does 10-15 at George F Bailey Detention Facility selected Plaintiff for his third strip search).

While the Court understands there are "hundreds of employees" that work in the locations identified by Plaintiff, it is unlikely that all of those employees are responsible for handling strip searches and the various duties described by Plaintiff during the identified time frame, and Defendants should be able to narrow down the list of potential employees based on the descriptions of the activities, dates, and times provided by Plaintiff.

Accordingly, the Court finds that Plaintiff has sufficiently identified the Doe Defendants for the purpose of this analysis. See Estate of Schuck v. County of San Diego, 2023 WL 4055705, at *4 (S.D. Cal. June 16, 2023) (finding that the Plaintiff had established the first factor by describing the Doe Defendants with sufficient specificity that they may be identified and served by referencing the dates and locations of the incidents); see also Raiser, 2019 WL 4675773, at *2 (finding that the plaintiff satisfied the first factor by sufficiently identifying the times, dates, and locations of the unlawful actions in the operative complaint).

B.   Previous Attempts to Locate Defendants

Second, Plaintiff must describe all prior attempts he has made to identify the Doe Defendants in a good faith effort to locate and serve them. Columbia Ins. Co., 185 F.R.D. at 579. Plaintiff indicates that he "has been diligent but has no means of obtaining the identities of the "Doe" defendants outside of the discovery process" and that he tried to obtain the information through medical records and records from the Sherriff Department, but neither contained the identifying information he now seeks. Mot. at 6. Plaintiff notes that a Public Records Act request would not provide the information and that he also tried obtaining the information through the Citizen Law Enforcement Review Board investigation and by asking Defendant County of San Diego for the information without success. Id. County Defendant concedes that "Plaintiff has made efforts to identify the Defendants." Oppo. at 2. Accordingly, the Court finds that Plaintiff has made a good-faith effort to identify and locate the Doe Defendants before filing the instant application. See Raiser, 2019 WL 4675773, at *2 (plaintiff made a good faith effort to identify the unnamed deputies when he contacted the clerk in the Records Department of the San Diego County Sheriff).

///

1

C.     Ability to Withstand a Motion to Dismiss

Plaintiff must establish that its lawsuit can withstand a motion to dismiss.  See Columbia Ins. Co., 185 F.R.D. at 579.  The Court is persuaded that Plaintiff's allegations against the Doe Defendants could withstand a motion to dismiss as they "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  Defendants argue that Plaintiff's claims cannot withstand a motion to dismiss as they are conclusory, unsubstantiated, fail to establish the involvement of Does 4-6, fail to state a constitutional violation against Does 1-3 and 7-9, and fail to identify any specific conduct by Does 10-15. Oppo. at 3-4.

In Estate of Schuck, the court found that:

> Plaintiffs' groupings are [ ] descriptive enough to withstand a motion to dismiss. For example, Plaintiffs allege that one group of Doe Deputies were those 'who were responsible for transporting Hayden to and from court, holding cells, and transportation vehicles on March 15, 2022,' and another group of Doe Deputies were those 'who were responsible for summoning medical or mental health care, observing any audio or video monitors, or conducting wellness or safety checks on Hayden in any housing unit in which Hayden was housed from March 10, 2022 to March 16, 2022.'

Estate of Schuck, 2023 WL 4055705, at *4.

Here, the Court finds that Plaintiff's groupings are likewise descriptive enough to withstand a motion to dismiss.[1]  Plaintiff alleges that Does 1-6 were involved in the allegedly unlawful cavity search, Does 7-9 were involved with the second cavity search, and Does 10-15 were involved in the third cavity search at George F. Baily Detention Center.  Complaint.  Plaintiff also alleges specific actions taken by some of the Doe Defendants.  Id. at ¶ ¶ 42-43 (Doe 7 "directed humiliating, vulgar, and sexual language at Mr. Ramirez while Mr. Ramirez was naked

---

[1] The Court notes that it is not prejudging the motions to dismiss that have been filed by any Defendant. The Court is simply finding that for this analysis, the complaint may (not will) be able to withstand a motion to dismiss.

and exposed" to harass and frighten Plaintiff); ¶ 44 ("Does 7-9, compelled Mr. Ramirez to remain naked and exposed to others, including other inmates, without serving any investigative or security purpose"); ¶ ¶ 49-59 (Does 1-6 ordered a manual anal cavity search despite having less invasive options available for searching Plaintiff to "to demean, harass, frighten, and harm Mr. Ramirez without any legitimate or reasonable concern about contraband"); ¶ ¶ 134, 138-140 (Does 10-15 subjected Plaintiff to a third strip search that did not have any investigative or security purpose and did so while mocking and humiliating him).

Accordingly, the Court finds that the Plaintiff has "ma[d]e some showing that an act giving rise to civil liability actually occurred." Columbia Ins. Co., 185 F.R.D. at 580.

C.   Proposed Discovery Requests

Plaintiff seeks permission to propound six Special Interrogatories on Defendant County of San Diego.  Mot.  Plaintiff argues that the Special Interrogatories are narrowly tailored, and that the information has already been investigated because Plaintiff filed grievance forms and his allegations were investigated by the Citizen Law Enforcement Review Board.  Id. at 8.

Defendants contend that the proposed discovery is overbroad and vague and seeks irrelevant information.  Oppo. at 4.  Defendants do not address Special Interrogatories 1-2 but contend that Special Interrogatory 3 seeks information about employees who were not accused of any constitutional violation and who have discretionary immunity, Special Interrogatories 4 and 5 are overbroad, and Special Interrogatory 6 is also overbroad and fails to explain the relevance of the information being sought.  Id. at 4-5.

Plaintiff seeks to propound the following Special Interrogatories on County Defendant:

1. Identify the County employee or deputy who spoke with Mr. Ramirez at Men's Central Jail about his being sent for the prospective rectal examination before Mr. Ramirez was referred for transport to the hospital.

2. Identify the County employees or deputies who accompanied Mr. Ramirez to the hospital for the rectal examination and those who, if different, communicated with hospital staff about the prospective examination before it occurred.

3. Identify the County employees or deputies who, between January 3rd and 5th of 2023, made the decision to send Mr. Ramirez for a rectal cavity examination

24CV366-MMA(BLM)

and those who, before the examination occurred, knew of and approved of the decision.

4. Identify the County employee or deputy who spoke to Mr. Ramirez during the second strip search of Mr. Ramirez that occurred at Men's Central Jail on or about January 4, 2023.

5. Identify the County employees or deputies who were present and exercised any control over the circumstances of the second strip search of Mr. Ramirez that occurred at Men's Central Jail on January 4, 2023.

6. Identify the County employees or deputies who were physically present within view of Mr. Ramirez and viewing Mr. Ramirez during the strip search of Mr. Ramirez that occurred at George F. Bailey detention center after Mr. Ramirez was transported there from the hospital on or about January 5, 2023.

Id. at 7-8.

The Court finds that the first two Special Interrogatories are narrowly tailored to obtain identifying information and would not create an undue burden on Defendant County of San Diego.  Plaintiff's complaint alleges that he was transported to the Alvarado Hospital from Men's Central Jail around 2:15 a.m. on January 5, 2023 by Does 2 and 3.  Complaint at ¶ ¶ 25, 62-63.  Accordingly, the Court **GRANTS** Plaintiff's request to propound Special Interrogatories 1 and 2.

The Court finds that with the removal of the words "knew of and," Special Interrogatory 3 is also appropriately tailored and would not create an undue burden on Defendant County of San Diego.  Accordingly, the Court **GRANTS** Plaintiff's request to propound Special Interrogatory 3 as follows: "Identify the County employees or deputies who, between January 3rd and 5th of 2023, made the decision to send Mr. Ramirez for a rectal cavity examination and those who, before the examination occurred, approved of the decision."

The Court finds that Special Interrogatory 4 is overbroad.  The request seeks the identity of any employee who spoke to Plaintiff about anything at any point during his second strip search.  Accordingly, the Court **DENIES** Plaintiff's request to propound Special Interrogatory 4.

The Court finds that Special Interrogatory 5 is appropriately tailored as it is limited to employees who were present during the search and exercised control over the circumstances under which the search was conducted and further finds that it would not create an undue

11

1  burden on Defendant County of San Diego.  Accordingly, the Court **GRANTS** Plaintiff's request

2  to propound Special Interrogatory 5.

3       The Court finds that with the removal of the words "within view of Mr. Ramirez," Special

4  Interrogatory 6 is also appropriately tailored and would not create an undue burden on

5  Defendant County of San Diego.  Accordingly, the Court **GRANTS** Plaintiff's request to propound

6  Special Interrogatory 6 as follows: "Identify the County employees or deputies who were

7  physically present and viewing Mr. Ramirez during the strip search of Mr. Ramirez that occurred

8  at George F. Bailey detention center after Mr. Ramirez was transported there from the hospital

9  on or about January 5, 2023."

10          D.     Prejudice to the Responding Party

11       Lastly, the Court will consider whether "the need for expedited discovery, in consideration

12  of the administration of justice, outweighs the prejudice to the responding party."  Semitool,

13  208 F.R.D. at 276.  The Court finds that the prejudice to Defendant County of San Diego for the

14  five Special Interrogatories authorized by the Court is minimal.  The interrogatories are narrowly

15  tailored, and Defendant County of San Deigo will not be unduly burdened to respond to them.

16  The Court also finds that the potential harm to Plaintiff of losing his state law tort claims should

17  Plaintiff be unable to timely identify and serve the Doe Defendants and later find himself on the

18  losing end of a relation back argument outweighs Defendants' concerns.[2]

19                              **CONCLUSION**

20       Having found good cause for Plaintiff to conduct limited expedited discovery to ascertain

21  the identity of the Doe Defendants named in Plaintiff's complaint, the Court **GRANTS IN PART**

22  and **DENIES IN PART** Plaintiff's motion for leave to conduct limited discovery.   For the

23  foregoing reasons, it is hereby ordered that:

24       On or before **May 13, 2024**, Plaintiff must serve Special Interrogatories 1, 2 and 5 and

25  Special Interrogatories 3 and 6 as modified above, on Defendant County of San Diego in

26

27  _____

28  [2] The Court notes that Defendants did not provide any arguments regarding the prejudice they
    would experience if they were ordered to respond to Plaintiff's Special Interrogatories.  Oppo.

24CV366-MMA(BLM)

1    accordance with this order.  Plaintiff may not serve any additional discovery requests.

2         Defendant County of San Diego must serve its responses to the requests on or before

3    **May 28, 2024**.

4         **IT IS SO ORDERED**.

5

6    Dated:  5/7/2024

7                                             Hon. Barbara L. Major
                                             United States Magistrate Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

24CV366-MMA(BLM)